## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Paul Haze Ledford,

                Plaintiff,        Case No. 20-cv-12719

v.                         Judith E. Levy
                                 United States District Judge

Commissioner of Social Security,

                Defendant.       Mag. Judge Patricia T. Morris

_____/

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [24], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [19, 20], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [21]

On August 30, 2021, Magistrate Judge Patricia T. Morris issued a Report and Recommendation ("R&R") recommending that the Court deny Plaintiff's motion for summary judgment (ECF Nos. 19, 20),[1] grant Defendant's motion for summary judgment (ECF No. 21), and affirm the

---

[1] Plaintiff filed both a motion for summary judgment (ECF No. 19) and a "cross motion" for summary judgment (ECF No. 20), which were considered in tandem as Plaintiff's complete motion for summary judgment in the R&R entered on August 30, 2021. (*See* ECF No. 24, PageID.831.) The Court will also consider both documents as Plaintiff's complete motion for summary judgment.

Commissioner's decision to deny Plaintiff benefits under the Social Security Act. (ECF No. 21.)

On September 10, 2021, Plaintiff filed several timely[2] objections[3] to the R&R under Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72(d). (ECF No. 25.) Defendant timely filed a response to the objections (ECF No. 26), and Plaintiff filed two subsequent documents.[4] (ECF Nos. 27, 28.)

---

[2] Plaintiff requests the Court consider his objections timely filed due to the delay in receipt of the R&R. (ECF No. 25, PageID.864.) Defendant does not argue that Plaintiff's objections should be rejected as untimely. (ECF No. 26, PageID.899.) The Court notes that Plaintiff's objections were indeed timely filed: as the R&R indicated (ECF No. 24, PageID.856–857), under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The R&R was entered on August 30, 2021 (ECF No. 24), whereas Plaintiff's objections were filed on September 10, 2021—within the timeframe set by Rule 72(b)(2). (ECF No. 25.) Accordingly, Plaintiff's objections to the R&R were timely filed.

[3] The Court recognizes that Plaintiff attached an annotated version of the R&R alongside his listed objections. (*See* ECF No. 25, PageID.866–891.) However, the R&R to which Plaintiff objects indicated that "[a]ny objections must be labeled as 'Objection No. 1,' 'Objection No. 2,' etc." (ECF No. 24, PageID.856.) Accordingly, the Court will limit its ruling to Plaintiff's numbered objections, only, and will not consider these annotations to the R&R.

[4] To the extent Plaintiff intended for these documents to be a reply to the objections to the R&R, the Court notes that these filings are untimely: Local Rule 72.1(d)(4) requires a reply to be filed within 7 days of service of a response. E.D. Mich. LR 72.1(d)(4). Defendant's response was filed on September 24, 2021 (ECF

For the reasons set forth below, Plaintiff's objections are overruled and the R&R is adopted. Accordingly, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

## I.   Background

The Court adopts by reference the background set forth in the R&R, having reviewed it and found it to be accurate and thorough.  (ECF No. 24, PageID.832, 836–840.)

## II.   Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893

---

No. 26), whereas Plaintiff filed a "statement" on October 28, 2021 (ECF No. 27) and "document" on December 2, 2021 (ECF No. 28). Nevertheless, the Court has reviewed these filings as part of its consideration of the R&R.

F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, Plaintiff's objections must be clear and specific enough that the Court can squarely address them on the merits. *See Pearce*, 893 F. 3d at 346.

The Supreme Court articulated the standard the district court must apply when conducting its de novo review. In *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), the Court explained that the phrase "substantial evidence" is a "term of art." *Id*. (internal citations omitted). "Under the substantial-evidence standard, a court looks to an existing

4

administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (internal citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (internal citations omitted). Specifically, "[i]t means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted).

On review, the Court is to "accord the [Administrative Law Judge's ("ALJ")] determinations of credibility great weight and deference." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 at 476 (6th Cir. 2003). "[I]f substantial evidence supports the ALJ's decision, [this Court] defer[s] to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Additionally, because Plaintiff is proceeding *pro se*, his submissions are to be liberally construed. *Davis v. Comm'r of Soc. Sec.*, 2018 WL 3259791, at *6 (E.D. Mich. Feb. 12, 2018).

## III.   Analysis

Plaintiff lodges eleven objections[5] to the R&R. For the reasons set forth below, Plaintiff's objections are OVERRULED.

### A. Objection Nos. 1-5

Plaintiff organized his objections to the R&R by generally assigning an objection to an individual section of the R&R. As a result, Plaintiff's Objections 1 through 5 are labeled as corresponding to the following non-analytical sections of the R&R, respectively: (1) "Recommendation" (*see* ECF No. 24, PageID.831; ECF No. 25, PageID.857); (2) "Standard of Review" (*see* ECF No. 24, PageID.832; ECF No. 25, PageID.857); (3) "Framework for disability determinations" (*see* ECF No. 24, PageID.833; ECF No. 25, PageID.858); (4) "ALJ Findings" (*see* ECF No. 24, PageID.835; ECF No. 25, PageID.858); and (5) "ALJ Findings & Plaintiff's statement" (*see* ECF No. 24, PageID.835–836; ECF No. 25, PageID.859). Because "Local Rule 72.1(d)(1) requires parties to 'specify

---

[5] The Court notes that Plaintiff made a mistake in the numbering of his objections, in which there are two objections labeled as "Response to objection No. 6" (*see* ECF No. 25, PageID.859). Defendant recognized this in the response to Plaintiff's objections. (*See* ECF No. 26, PageID.895.) Accordingly, the Court will analyze Plaintiff's objections in numerical order but will note the accurate numbering order, as well as the corresponding objection numbering as labeled in Plaintiff's objections, throughout for clarity.

the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection[,]'" *Pearce*, 893 F.3d at 346, the Court will consider Plaintiff's Objections 1 through 5 as they relate to those particular identified portions of the R&R.

Plaintiff's Objections 1 through 5 are all vague, general, or conclusory, which is tantamount to a failure to object. *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). To start, Plaintiff's Objection 1 solely disputes the Magistrate Judge's recommendation to deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment. (ECF No. 25, PageID.857.) Objections such as this that dispute the general correctness of the R&R are improper. *Miller*, 50 F.3d at 380; *see also Cole*, 7 F. App'x at 356.

Additionally, Plaintiff's Objection 2, which purports to dispute the R&R's "Standard of Review" section, does not appear to disagree with the legal standard as articulated in this section; indeed, Plaintiff restates portions of the standard cited therein. (*Id.* at PageID.857–858; ECF No. 24, PageID.833.) Rather, Plaintiff generally objects to the R&R's disposition of his claim by referencing an unnamed doctor's opinion that

7

he should not work based on his list of alleged health conditions, but he does not pinpoint any specific objections or errors in the "Standard of Review" section. (ECF No. 25, PageID.857–858.) Because this Objection does not draw a connection to the Magistrate Judge's analysis or identify how Plaintiff disagrees with specificity in light of the information presented in the R&R, Plaintiff's Objection 2 thus also disputes the general correctness of the R&R and is improper. *Miller*, 50 F.3d at 380; *see also Cole*, 7 F. App'x at 356.

The same is true for Plaintiff's Objection 3, which again restates portions of the R&R, including the definition of disability as defined in 42 U.S.C. § 1382c(a)(3)(A) (*see* ECF No. 25, PageID.858; ECF No. 24, PageID.833), and does not express disagreement with the framework for disability determinations as described in the R&R. (*Id.*) Instead, Plaintiff states general objections to the disposition of his claims at multiple steps of the five-step sequential analysis (e.g., "My impairments meets [sic] or equals [sic] one of ALJ's listings in appendix 1 of this subpart and meets the duration requirement & finds that I am disabled."). (ECF No. 25, PageID.858.) For similar reasons as Objection 2, this is an improper objection. *Miller*, 50 F.3d at 380; *see also Cole*, 7 F. App'x at 356.

As for Plaintiff's Objection 4, which relates to the "ALJ Findings" section of the R&R (ECF No. 24, PageID.835), Plaintiff appears to dispute the ALJ's determinations as opposed to the Magistrate Judge's summary of such determinations. Specifically, Plaintiff indicates that he was found to have a severe substance abuse impairment "because I wore warm clothing on a hot day sweating as [sic] drs app, while I feel cold sometimes like I'm enimic [sic][.]" (ECF No. 25, PageID.858.) Plaintiff does not dispute the fact that the ALJ found him to suffer from the impairment of substance abuse in the first instance, which the record confirms.[6] (*See* ECF No. 16, PageID.112.) Plaintiff also indicates in Objection 4 that "they didn't submit half of my medical records, like schizophrenia,

---

[6] To the extent Plaintiff objects in Objection 4 (ECF No. 25, PageID.858) and Objection 9 (*id.* at PageID.862) to the ALJ's finding that he had a severe impairment in the form of substance abuse, this is without merit. This finding is one that was favorable to Plaintiff. *See, e.g., Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (indicating that a step-two challenge to the determination of an impairment as severe was "misguided" and "legally irrelevant" where the ALJ proceeded past step two). Additionally, Plaintiff waived this argument because he failed to raise this issue before the Magistrate Judge. *See Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.") (citations omitted); *see also Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) (citation and internal quotation omitted) ("[A] claim raised for the first time in objections to a magistrate judge's report is deemed waived.").

fibromyalgia [sic] learning disabled, emotionally unstable, mood swings etc." (ECF No. 25, PageID.858.) Without additional explanation, it is unclear to whom Plaintiff refers (e.g., his former attorney who represented him during the ALJ proceedings, the ALJ), what medical records were not submitted, and at what timeframe they were to be submitted. Again, Plaintiff is required to state with clarity where the Magistrate Judge made an error with which Plaintiff disagrees. Accordingly, Plaintiff's Objection 4 is improper as vague. *Cole*, 7 F. App'x at 356.

With regard to Plaintiff's Objection 5, which Plaintiff identified as relating to the "ALJ Findings" and the "Plaintiff's Testimony at the Administrative Hearing" sections of the R&R, Plaintiff notes that he allegedly was involved in a car accident that caused a head injury and resultant symptoms (e.g., severe migraines). (ECF No. 25, PageID.859.) Plaintiff appears to suggest that this would have an impact on the ALJ's determination that Plaintiff had no past relevant work to consider as well as the ALJ's conclusion regarding Plaintiff's residual functional capacity ("RFC"). (*Id.*) Yet Plaintiff alleges that this car accident occurred on April 26, 2021—over two years after the February 19, 2019 ALJ decision (*see*

ECF No. 16, PageID.120) and well past the period at issue. The ALJ could not have erred by failing to consider the impact of injuries arising from a *future* car accident, and therefore, the Magistrate Judge did not err either. This portion of Plaintiff's Objection 5 is without merit. Furthermore, to the extent Plaintiff's Objection 5 generally challenges the overall correctness of the R&R regarding Plaintiff's work experience and RFC, this is vague and improper. *Miller*, 50 F.3d at 380; *see also Cole*, 7 F. App'x at 356. Accordingly, Plaintiff's Objections 1 through 5 are overruled.

### B. Objection No. 6

Plaintiff's Objection 6 concerns the portion of the R&R that summarizes Plaintiff's testimony at the November 15, 2018 ALJ hearing. (*See* ECF No. 24, PageID.836; ECF No. 25, PageID.859.) Specifically, Plaintiff appears to dispute (1) the characterization in the R&R that "Plaintiff seemed to be unsure whether his conviction [that led to the initial termination of his Supplemental Security Income ("SSI") benefits] was ultimately overturned" (ECF No. 24, PageID.836); as well as (2) the R&R's indication that "Plaintiff confirmed" that his time in boot camp

while incarcerated involved obstacle courses (*id.* at PageID.837–838). (ECF No. 25, PageID.859.)

The Court finds that there is no error in the Magistrate Judge's depiction of the record. Regarding Plaintiff's testimony about whether his previous conviction was overturned, Plaintiff and the ALJ engaged in the following questioning during the November 15, 2018 ALJ hearing:

> [ALJ]: Okay. So when you say you brought it up to the Supreme Court it was never overturned, or anything like that?
>
> [Plaintiff]: I'm not sure if I won it or not, 'cause being moved around, I didn't get my mail. But I had fought it all the way till I ended up getting off a tether. And they made a decision. I just didn't—never got a hold of it, if I won it or not. There's—I think that there might've went something wrong with it, though, where I didn't collect—get the right paperwork and send it on time. But I was pretty up to date.

(ECF No. 16, PageID.136.) Following this discussion, the ALJ questioned Plaintiff's counsel[7] regarding whether she had any reason to believe that Plaintiff's conviction was overturned, to which Plaintiff's counsel indicated that she had no reason to believe that it was overturned based

---

[7] Plaintiff is currently proceeding *pro se* but was previously represented by counsel during the ALJ proceedings. (*See* ECF No. 16; ECF No. 20, PageID.747.) In light of Plaintiff's current *pro se* status, the Court has liberally construed his objections throughout. *See Davis*, 2018 WL 3259791, at *6.

on her understanding. (*Id.* at PageID.137.) Contrary to Plaintiff's assertion that "I never said I was unaware of my conviction being overturned" (ECF No. 25, PageID.859), Plaintiff clearly testified that he was unaware of the result of his Supreme Court appeal and had not received the Supreme Court's decision because of his frequent moves. (ECF No. 16, PageID.136.)

Additionally, while Plaintiff claims that he "persevered thru 2 terms of bootcamp barely making it thru and no there was no obstacle courses" (ECF No. 25, PageID.859), this assertion contradicts the testimony given by Plaintiff at that same ALJ hearing. The ALJ questioned Plaintiff as to whether the boot camp involving "having you run and go through obstacle courses, and things like that[,]" to which Plaintiff replied "[y]eah" and further elaborated on the details of the boot camp program. (ECF No. 16, PageID.139.) The R&R thus accurately summarizes this portion of Plaintiff's testimony by stating: "The ALJ asked whether the boot camp involved 'having you run and go through obstacles courses[.]' . . . Plaintiff confirmed that it did[.]" (ECF No. 24, PageID.837.) Accordingly, Plaintiff's Objection 6 is overruled.

13

## C. Objection No. 7[8]

Plaintiff's Objection 7 relates to the R&R's "Governing Law" section. (*See* ECF No. 24, PageID.841–845; ECF No. 25, PageID.859–860.) Objection 7 includes two separate alleged inconsistencies in the R&R. First, Plaintiff notes the R&R's indication that the regulations in effect at the time of Plaintiff's application (i.e., those before the newly promulgated regulations that went into effect as of March 27, 2017) apply (ECF No. 24, PageID.841). (ECF No. 25, PageID.859–860.) Plaintiff further indicates: "I just wonder why it says opposite on other pages if I'm not mistaken." (*Id.* at PageID.860.) The R&R is correct that Plaintiff's application was governed by the regulations in effect at the time of Plaintiff's application. *See, e.g., Amir v. Comm'r of Soc. Sec.*, 705 F. App'x 443, 446 (6th Cir. 2017) (applying regulations in effect at the time of the ALJ's decision); *Henrich v. Soc. Sec. Comm'r*, 440 F. Supp. 3d 699, 708 (E.D. Mich. 2020). Plaintiff's Objection 7 does not indicate which "other pages" (*id.*) of the R&R state otherwise, and the Court cannot independently find any instances in the R&R. This portion of Plaintiff's

---

[8] Objection 7 is labeled as "Response to Objection No. 6" in the record but is the seventh listed objection. (ECF No. 25, PageID.859–860.)

Objection 7 is thus both unclear and unspecific such that the Court cannot squarely address it on the merits, *see Pearce*, 893 F. 3d at 346, and otherwise is without merit.

Second, Plaintiff's Objection 7 argues that the R&R is self-contradictory because the Magistrate Judge allegedly did not consider all evidence in the record, contrary to the R&R's recognition of the requirement to do so as outlined in 42 U.S.C. § 423(d)(5)(B). (ECF No. 25, PageID.860.) Specifically, Plaintiff highlights an unspecified letter from "Dr. Haderer"[9] indicating that Plaintiff suffers lifetime disabilities that will prohibit him from engaging in substantial and gainful work. (*Id*.) In response, Defendant suggests that the letter referenced by Plaintiff is an April 22, 2020 letter from JoAnn Haderer, DNP, attached to Plaintiff's complaint (ECF No. 1, PageID.14). (ECF No. 26, PageID.895–896.) Plaintiff's complaint also attaches a May 20, 2019 note from Nurse Haderer indicating that it is "safe to assume with combination of medical ailments [Plaintiff] should not return to work activities[,]" and that this is "[e]xpected to last more than 12 months even if medication improves

---

[9] Although Plaintiff refers to his medical provider as "Dr. Haderer" in his briefing (*see* ECF No. 25, PageID.860), the only corresponding reference in the record is to Nurse JoAnn Haderer, DNP. (ECF No. 1, PageID.14.)

[Plaintiff]." (ECF No. 1, PageID.23.) However, as the R&R indicated (ECF No. 24, PageID.851–852), both the May 20, 2019 note and April 22, 2020 letter are dated (and thus were created) *after* the February 19, 2019 ALJ decision (*see* ECF No. 16, PageID.120) and could not have been reviewed by the ALJ. "Only evidence in the record below can be considered when determining whether or not the ALJ's opinion was supported by substantial evidence[.]" *Bass v. McMahon*, 499 F.3d 506, 512–13 (6th Cir. 2007). Accordingly, Plaintiff's Objection 7 is without merit, and overruled.[10]

---

[10] Nor does Plaintiff's submission of this evidence to the Appeals Council change the Court's determination. The Sixth Circuit has repeatedly held that "evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (citing *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996)). Nor has Plaintiff addressed the elements of sentence six remand pursuant to 42 U.S.C. § 405(g), which would allow the Court to remand the case for further administrative proceedings if a plaintiff can show the evidence is "new" and "material" and that he had "good cause" for not presenting it in earlier proceedings. *Id*. at 357. Plaintiff's failure to make an argument that a sentence six remand was appropriate waives any argument for a sentence six remand here. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (internal quotations omitted).

Even were the Court to construe Plaintiff's filings liberally in light of his *pro se* status and consider the submission of these letters from Nurse Haderer as a request for a sentence six remand, the Court would nevertheless find that such

### D. Objection No. 8[11]

Plaintiff's Objection 8 (ECF No. 25, PageID.860–861) relates to the "Argument" section of the R&R, which summarizes the parties' arguments as contained in Plaintiff's complaint and the motions for summary judgment. (ECF No. 24, PageID.845–848.) However, Plaintiff's Objection 8 does not appear to allege any error in the R&R's summation of the parties' arguments. Instead, Objection 8, in part, repeats (almost verbatim) portions of the cited "Argument" section describing Plaintiff's arguments, including that documentation from Nurse Haderer demonstrates his inability to do gainful substantial work and that his

---

materials do not warrant remand. These documents from Nurse Haderer appear to relate to Plaintiff's condition *after* the ALJ decision and are thus not material. *See Trent v. Saul*, No. CV 19-11777, 2020 WL 3493068, at *6 (E.D. Mich. May 26, 2020), *report and recommendation adopted sub nom. Trent v. Comm'r of Soc. Sec.*, No. 19-CV-11777, 2020 WL 3489385 (E.D. Mich. June 26, 2020). To the extent Plaintiff seeks to establish disability after the date of the ALJ decision, his remedy is to apply for benefits for the later period. *See Sizemore v. Sec'y of Health & Hum. Servs.*, 865 F.2d 709, 712 (6th Cir. 1988) ("If in fact the claimant's condition had seriously degenerated, the appropriate remedy would have been to initiate a new claim for benefits as of the date that the condition aggravated to the point of constituting a disabling impairment.").

[11] Objection 8 is labeled as "Response to Objection No. 7" in the record but is the eighth listed objection. (ECF No. 25, PageID.860–861.)

former counsel previously failed to submit medical records.[12] (*Compare* ECF No. 25, PageID.860 *with* ECF No. 24, PageID.845, 847.)  The Court will not consider an objection that merely reiterates arguments previously made before the Magistrate Judge. *Hofer v. Comm'r of Soc. Sec.*, No. 17-12526, 2018 WL 4568805, at *1 (E.D. Mich. Sept. 24, 2018).

To the extent Plaintiff's Objection 8 argues that his employment as a "Doordasher" "lasted one month" and was "more [or] less a trial & error run" (ECF No. 25, PageID.860), the Court agrees with Defendant that Plaintiff has failed to demonstrate how his previous work as a Doordasher (home delivery of food or other items) affected the Magistrate Judge's or the Court's review here. (ECF No. 26, PageID.897; *see* ECF No. 21, PageID.766–767.) If Plaintiff was employed as a Doordasher as of the time he filed his motion for summary judgment in April 2021 (*see* ECF Nos. 19, 20), and this employment only lasted for one month (ECF

---

[12] To the extent that Plaintiff argues that his former counsel failed to submit documentation beyond the May 20, 2019 note and April 22, 2020 letter from Nurse Haderer, Plaintiff does not cite any specific evidence of ineffective representation. This mirrors the non-specific arguments made in his motion for summary judgment (ECF No. 19, PageID.744; ECF No. 20, PageID.747), which the Court will not consider as an objection because it restates arguments already outlined before the Magistrate Judge. *Hofer v. Comm'r of Soc. Sec.*, No. 17-12526, 2018 WL 4568805, at *1 (E.D. Mich. Sept. 24, 2018).

No. 25, PageID.860), then his work as a Doordasher did not occur during the relevant period before the date of the ALJ's decision in 2019. Nor did the Magistrate Judge err in the R&R's summary of Plaintiff's allegations of his Doordasher employment as contained in Plaintiff's motion for summary judgment, which accurately depicts Plaintiff's description of his work as a Doordasher. (*Compare* ECF Nos. 19, 20 *with* ECF No. 24, PageID.846–847.)

Additionally, Plaintiff states that "beyond my lawyer's incompetence ALJ simply didn't document most the documents I personally turned in several times[.]" (ECF No. 25, PageID.861.) As the Court understands Plaintiff's argument, Plaintiff appears to suggest that the ALJ did not accept documentation from Plaintiff or did not consider such documentation at the time of the hearing and subsequent decision. However, Plaintiff has not specified the documentation at issue. Without further detail, the Court cannot evaluate Plaintiff's argument, and this is deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal

19

way, leaving the court to . . . put flesh on its bones.") (internal quotations omitted). Accordingly, Plaintiff's Objection 8 is overruled.

### E. Objection No. 9[13]

Plaintiff's Objection 9 in part lists a series of undeveloped arguments in relation to the R&R's "Analysis" section: (1) "no one in their right mind will hire a schizo with hallucinations to even do copy machine work, bagger or anything for that matter[;]" (2) the ALJ "discriminate[d]" with regard to the analysis of the listings; and (3) "there are findings that [P]laintiff was more limited in his mental health than [Dr.] Czarnecki concluded[.]" (ECF No. 25, PageID.861–863.) Without any further argument, the Court deems these objections waived. *See McPherson*, 125 F.3d at 995–96.

Additionally, while Plaintiff appears to object to several of the ALJ's factual determinations regarding Plaintiff's abilities and characteristics as they related to the considered listings and Plaintiff's RFC (*see* ECF No. 24, PageID.848–850), Plaintiff raises these objections for the first time in his objections to the R&R, and these arguments are thus waived

---

[13] Objection 9 is labeled as "Response to Objection No. 8" in the record but is the ninth listed objection. (ECF No. 25, PageID.861–863.)

as well. *Swain*, 379 F. App'x at 517–18. Even if the Court considered these arguments, there is no error here. The R&R does not err in its synopsis of the ALJ's findings, as it accurately quotes and summarizes the ALJ's decision. (*Compare* ECF No. 24, PageID.849–854 *with* ECF No. 16, PageID.114–119.) Furthermore, while Plaintiff may assert that he currently does not have outbursts, have difficulties with substance abuse, or make suicidal threats (ECF No. 25, PageID.861–862), there is "relevant evidence as a reasonable mind might accept as adequate to support a conclusion" that Plaintiff experienced these conditions regarding the period at issue.[14] *Biestek*, 139 S. Ct. at 1154. This therefore constitutes sufficient evidence in the record to support the ALJ's factual determinations. *Id.*

Plaintiff also asserts that the ALJ should have had "some common decency" when considering Plaintiff's case. (ECF No. 25, PageID.861.). In support, Plaintiff highlights the medical conditions he has experienced following his April 26, 2021 car accident. However, as stated previously,

---

[14] Specifically, such factual findings are supported by the following portions of the administrative record: (1) emotional outbursts and suicidal ideation when non-compliant with treatment (ECF No. 16, PageID.588–589, 663–664, 669); and (2) a history of substance abuse with regard to marijuana and stimulant medication (*id.* at PageID.566, 587, 664–667).

this car accident occurred well past the period at issue (*see* ECF No. 16, PageID.120) and could not possibly have been considered in the ALJ's determination. Accordingly, the ALJ did not err—and neither did the Magistrate Judge—by not considering Plaintiff's medical conditions stemming from the April 26, 2021 car accident.

Finally, Plaintiff highlights an alleged inconsistency in the R&R, stating that the Magistrate Judge "can't even keep thier [sic] facts straight" and that such discrepancy reveals "the manipulation & lies[.]" (ECF No. 25, PageID.863.) Specifically, Plaintiff notes that on one page, the R&R refers to a note dated May 20, 2019, and then the next page refers to a letter dated April 22, 2020. (*Id.*) However, as Defendant correctly notes (ECF No. 26, PageID.898), there is no error here because the R&R refers to two separate documents (ECF No. 24, PageID.851–852): the May 20, 2019 form and April 22, 2020 letter, both from Nurse Haderer, attached to Plaintiff's complaint (*see* ECF No. 1, PageID.14, 22–23.) Accordingly, Objection 9 is without merit in its entirety.

### F. Objection No. 10[15]

---

[15] Objection 10 is labeled as "Response to Objection No. 9" in the record but is the tenth listed objection. (ECF No. 25, PageID.863.)

Plaintiff's Objection 10 broadly contends, without further explanation, that he "would need case management to perform any job duty by self" based on his medical conditions and that he "can't perform most work[.]" (ECF No. 25, PageID.863.) Because Plaintiff has not provided meaningful analysis to support these arguments, the Court deems these objections waived. *See McPherson*, 125 F.3d at 995–96.

### G. Objection No. 11[16]

Plaintiff's Objection 11, which relates to the "Conclusion" of the R&R, only disputes the general correctness of the R&R. (ECF No. 25, PageID.864–865.) For this reason, it is improper. *Miller*, 50 F.3d at 380; *see also Cole*, 7 F. App'x at 356.

The Court acknowledges that Plaintiff is experiencing mental and physical health challenges that are serious and which affect his daily life. The Court also recognizes that Plaintiff alleges he has suffered from events after the ALJ proceedings at issue in this appeal, including an April 2021 car accident (*see* ECF No. 28, PageID.911) and a May 2021 assault on his person (*see* ECF No. 22, PageID.773), that have

---

[16] Objection 11 is labeled as "Response to Objection No. 10" in the record but is the eleventh listed objection. (ECF No. 25, PageID.863–865.)

additionally affected his life. However, the Court's review at this stage of the proceedings is limited to issues involving incorrect application of the law or insufficient factual evidence as of the time of the ALJ's review, and Plaintiff's objections do not meet that standard.

## IV.   Conclusion

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's R&R. (ECF No. 24.) Plaintiff's motion for summary judgment is DENIED (ECF Nos. 19, 20) and Defendant's motion for summary judgment is GRANTED. (ECF No. 21.)

IT IS SO ORDERED.

Dated: March 23, 2022          s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                               United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2022.

                               s/William Barkholz
                               Case Manager